UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RICKY KAMDEM-OUAFFO,

                Plaintiff,         Civil No. 18-00298 (NLH/JS)

      v.                    Civil No. 18-13119 (NLH/JS)

CAMPBELL SOUP COMPANY, et    **OPINION**
al.,

                Defendants.

_____

**<u>Appearances</u>**

RICKY KAMDEM-OUAFFO
1 RICHMOND STREET #2100
NEW BRUNSWICK, NJ 08901

*Plaintiff appearing pro se.*

DANIELLE M. DWYER
DUANE MORRIS
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103

*Attorney for Defendants Campbell's Soup Company, Denise M.
Morrison, Carlos J. Barroso, Scott Keller, Duane Morris, and
Trevor H. Taniguchi.*

DAYNE RASHARD JOHNSON
MCELROY DEUTSCH MULVANEY & CARPENTER
1300 MOUNT KEMBLE AVE
MORRISTOWN, NJ 07962-8100

*Attorney for Defendant Task Management Inc.*

KATHLEEN N. FENNELLY
MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP
1300 MOUNT KEMBLE AVENUE
PO BOX 2075
MORRISTOWN, NJ 07962-0161

*Attorney for Defendants Task Management Inc., Stefan Mohan,*

*Corie Hess, and Linda Harrison.*

JONATHAN D. WETCHLER

*Defendant appearing pro se.*

MICHAEL RATO
MCELROY DEUTSCH MULVANEY & CARPENTER LLP
1300 MT. KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NJ 07962

*Attorney for Defendants McElroy, Deutsch, Mulvaney & Carpenter LLP, Bernard E. Jacques, and Dayne R. Johnson.*

**HILLMAN**, District Judge

This Opinion and its accompanying Order address two overlapping matters now pending before this Court: Docket 18-298 and Docket 18-13119.  These cases both arise from Plaintiff Ricky Kamdem-Ouaffo's allegation that he lost his job due to filing various complaints against prior employers.  Between the two dockets, the Court presently has before it two cross-motions for summary judgment, a motion to consolidate the actions, two motions to strike the complaint filed by Plaintiff in the 18-13119 action, a motion to dismiss, a motion for default judgment, a motion for a preliminary injunction, and a motion for sanctions.

For the reasons expressed below, the Court will grant the motion to consolidate the actions and consolidate them under the docket of the 18-298 action.  It will further grant Defendants' motion to strike the Complaint filed in 18-13119 action, and

2

then dismiss as moot the motion to dismiss, motion for default judgment, and motion for a preliminary injunction filed in the 18-13119 action.  Finally, the Court will grant Defendant Task Management Inc.'s motion for summary judgment filed in the 18-298 action, deny Plaintiff's cross-motion for summary judgment and motion for sanctions, and dismiss Plaintiff's claims with prejudice.

**Background**

### 1. **Factual Background**

Plaintiff is a scientist with advanced degrees related to the food industry.[1]  Defendant Task Management is a corporation that specializes in providing corporations with independent contractors.  On August 1, 2017, Task Management, through its employee Linda Harrison, contacted Plaintiff to inquire whether Plaintiff believed he had the skills to take on work with Campbell Soup Company, a Task Management client.  Plaintiff agreed, and on August 10, 2017, Plaintiff entered into an agreement with Task Management, through his wholly owned

---

[1] Plaintiff failed to properly file either a statement of undisputed material facts in support of his own motion for summary judgment, or a responsive statement of material facts in opposition to Defendant Task Management's motion for summary judgment, as required by Local Rule 56.1(a).  Accordingly, as the Court will explain in greater detail in its analysis of the summary judgment motions below, the Court takes its facts from Defendant's statement of undisputed material facts and any additional evidence Plaintiff filed with his motion or cited to in his supporting brief.

corporation, for a role as a consultant in Campbell's Flavor Technology Unit.  Plaintiff began working in the role on August 21, 2017.

After being informed by Campbell that Plaintiff was no longer needed, Harrison contacted Plaintiff by phone on September 1, informing him that his assignment with Campbell had been terminated.  A week later, after an extended email correspondence, Plaintiff sent Harrison an email on September 8, requesting that Task Management withdraw its representation of Plaintiff and his corporation; Task Management responded that same day, terminating its representation.  At some point after Plaintiff's termination, employees at Task Management became aware that Plaintiff had sued previous employers.

### 2. **Procedural Background**

While the factual history underlying Plaintiff's claims may be brief, the procedural history of this case is extensive and convoluted.  The Court has previously attempted to detail this history at greater length in its July 9, 2018 Opinion, (ECF No. 103), and will not attempt to do so here.  Instead, the Court will provide the procedural history relevant to the present motions.

On September 25, 2017, only a few short weeks after his termination, Plaintiff filed his first complaint in this litigation at Docket 17-7506.  The complaint named Campbell

4

Soup, Task Management, and a handful of employees as defendants,
and over the course of 109 pages raised a series of different
claims related to Plaintiff's termination.  Over the next
several weeks, Plaintiff, having repeatedly been informed by the
Court that his pleadings were deficient, went on to file three
amended complaints.  After a series of other issues were briefed
and debated by the parties, Plaintiff, without leave or warning,
filed a new action and a fifth, 285-page complaint, alleging
related violations based on the same underlying events, under
Docket 18-298.  Plaintiff then filed a series of motions under
that second docket number, and the parties began to litigate the
case there as well.

    Eventually, multiple defendants filed motions to dismiss
the complaint in the 18-298 action.  Instead of responding to
those motions, Plaintiff filed an "Amended Complaint," his sixth
in this litigation, which came in at 332 pages and 1200
paragraphs.  (Docket 18-298, ECF No. 66).  Defendants filed
motions to strike the amended complaint.  (Id. at ECF No. 67,
73, and 95).  The Court, in a detailed and exhaustive July 9,
2018 opinion, consolidated the two actions sua sponte, as they
raised common questions of law and fact, and addressed the
numerous motions pending before it.  (Id. at ECF No. 103).

    The Court first granted the motions to strike Plaintiff's
amended complaint, finding that, due in large part to its

incredible length, its long, unnecessary recitations of statutory language, and its repetition of details, it violated Federal Rule of Civil Procedure 8(a).  Id. at 17-20.  The Court went on to grant multiple of Defendants' motions to dismiss, dismissing the large majority of Plaintiff's claims, some with prejudice and some without.  The only claims that survived the motions to dismiss were Plaintiffs claims for retaliation related to his termination under Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD").  Id. at 73.  Finally, the Court informed Plaintiff that he would be permitted to file one more motion for leave to amend his complaint by August 10, 2018, which must attach a proposed amended complaint that complied with Rule 8.  Id. at 19.  The Court explicitly warned him that if he filed another complaint as clearly violative of Rule 8 as his previous one, it too would be dismissed.  Id.

Plaintiff chose not to file a motion for leave to amend the complaint.  Instead, a week after his deadline to do that had passed, on August 17, 2018, Plaintiff filed his seventh complaint at Docket 18-13119.  (ECF No. 1).  This complaint alleged substantially the same claims as his six previous complaints, and was 343 pages and over 1,250 paragraphs long.

On September 13, 2018, Magistrate Judge Joel Schneider entered an Order in the 18-298 action scheduling an initial

conference, prior to which the parties were required to engage
in a Rule 26(f) conference to discuss managing discovery amongst
themselves.  (Docket 18-298 at ECF No. 124).  Plaintiff refused
to engage or participate in any Rule 26(f) conference, and
accordingly Judge Schneider cancelled the initial conference as
well.  (Id. at ECF No. 130).

Then, in October 2018, despite the fact that the Court had
consolidated the original two cases and closed the 17-7506
action, Plaintiff filed and served a series of discovery
requests and requests for admission on Task Management and its
employees in the initial 17-7506 action.  (See Docket 17-7506,
ECF No. 90-105).  Defendants responded by filing a motion for a
protective order in the 18-298 action, arguing that they should
not be required to respond to the requests.  Magistrate Judge
Schneider granted Defendants' motion.  He found that not only
had Plaintiff knowingly and admittedly filed and served the
requests in a closed action despite this Court's prior Order,
but also that Plaintiff was not entitled to make such discovery
requests, because he had refused to engage in a Rule 26(f)
conference as required to begin the discovery process.

A number of motions were then filed by the parties in the
18-13119 action over the following months.  However, before any
of those could be decided, Plaintiff appealed certain of the
Court's decisions in the 18-298 action.  Finding that the two

actions were substantially similar, the Court administratively
terminated the 18-13119 action and denied all pending motions
without prejudice, until Plaintiff's appeal could be completed.
(ECF No. 42).   Plaintiff then appealed the Court's
administrative termination of the 18-13119 action.   (ECF No.
43).   This series of appeals delayed the litigation until the
beginning of 2020, when the parties began actively litigating it
once more.

     Multiple Defendants then filed a renewed motion to
consolidate the 18-298 action and the 18-13119 action, as well
as motions to strike the seventh complaint filed in the 18-13119
action on the same grounds as the Court had previously stricken
Plaintiff's sixth complaint.   (Docket 18-298 at ECF No. 184 and
185; Docket 18-13119 at ECF No. 51).   Around the same time,
Defendant Task Management filed a motion for summary judgment in
the 18-298 action.   (Docket 18-298 at ECF No. 183).   Plaintiff
then responded by filing a cross-motion for summary judgment,
(Id. at ECF No. 189), which he followed with a motion for
sanctions.   (Id. at ECF No. 191).

     While these motions were being filed in the 18-298 action,
the parties were similarly engaging in motion practice in the
third, 18-13119 action.   There, multiple Defendants filed a
motion to dismiss and to strike the complaint in that action.
(Docket 18-13119 at ECF No. 47).   Plaintiff, for his part, filed

8

a motion for default judgment, (Id. at ECF No. 54), and a separate motion for a preliminary injunction. (Id. at ECF No. 60). Presently pending before the Court are each of the motions described above.

## Discussion

### I.   Motion to Consolidate

The Court turns first to the motion to consolidate the actions filed by Defendants Campbell Soup Company, Scott Keller, Duane Morris LLP, Trevor H. Taniguchi, Denise M. Morrison, and Carlos J. Barroso. (Docket 18-298 at ECF No. 184). This is not the first time the Court has had to consider consolidation of separate actions in this litigation; as described above, the Court previously consolidated *sua sponte* the 18-298 action with an earlier action filed by Plaintiff in its July 9, 2018 Opinion and Order. (Id. at ECF No. 103 and 105).

Plaintiff, unsurprisingly, filed a letter opposing consolidation of the actions. (Id. at ECF No. 186). He argues that Defendants' motion must be dismissed because the moving Defendants have already been dismissed from the 18-298 action and therefore have no remaining interest in that case. However, even if Plaintiff were correct, his argument has no impact on the Court's analysis. As explained above, this Court has the power to consolidate actions either on motion of the parties or, as it did previously in this litigation, *sua sponte*. Fed. R.

Civ. P. 42(a)(2).  Accordingly, regardless of whether
Defendants' motion was proper, the Court can and will consider
whether consolidation of these actions is proper under the
circumstances.

The Court finds that consolidation of the actions here is
again appropriate.  Rule 42(a)(2) provides that "[i]f actions
before the court involve a common question of law or fact, the
court may . . . consolidate the actions."  As the Court noted in
its June 27, 2019 Order denying a series of motions in the 18-
13119 action due to Plaintiff's filing of a Notice of Appeal in
the 18-298 action, the two matters "present nearly identical
claims against nearly identical parties based on common facts
and presenting common questions of law."  (Docket 18-13119, ECF
No. 42 at 4).

The complaint in the 18-13119 action is, at its core,
focused on the exact same underlying claim as each of the first
six complaints filed in the first two actions: that Plaintiff
was terminated from his job due to his filing of various
previous lawsuits.  The Court sees no purpose in allowing
Plaintiff to proceed with his claims in a third separate action.
As the 18-298 action has progressed further, and the Court has
already ruled on the majority of Plaintiff's claims in that
matter, the actions will be consolidated and proceed in Docket
18-298.

## II.  <u>Motion to Strike the Complaint in the 18-13119 Action</u>

The Court turns next to the motions to strike the complaint filed by Plaintiff in the 18-13119 action, brought by the same defendants as the motion to consolidate above.  (Docket 18-13119 at ECF No. 51; Docket 18-298 at ECF No. 185).  Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading."  Similarly, Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct."  Finding that Plaintiff's Complaint again fails to comply with the Rule 8's pleading requirements, the Court will strike the complaint in its entirety.

This is, once again, not the first time the Court has been faced with motions to strike complaints in this litigation.  In the earlier 18-298 action, Plaintiff, faced with a series of motions to dismiss his complaint, decided to simply file an amended complaint rather than oppose the motions or address them directly.  Four motions to strike that complaint were filed,

which the Court addressed and granted in its July 9, 2018
opinion.  (Docket 18-298 at ECF No. 103).

In granting Defendants' motions to strike that amended
complaint, the Court stated that it "ha[d] no hesitation in
concluding that a 332-page, 1200-pagaraph amended complaint is
objectionable and a blatant violation of both the explicit
mandates and the spirit of the Federal Rules," and declined to
waste its own time and resources, or those of Defendants, in
trying analyze and respond to such a filing.  Id. at 18.
However, the Court, in its discretion, chose to grant Plaintiff
one last chance to plead his claims and permitted him to file a
motion for leave to amend his complaint by August 10, 2018 if he
so desired.  Importantly, the Court emphasized that

> "Any proposed amended complaint must conform to Rule 8 and
> must take into account the legal conclusions already made
> by this Court in this Opinion and the accompanying Order.
> If any proposed amended complaint is found to violate Rule
> 8, the Court will not hesitate to dismiss that complaint
> too, on motion of any defendant or sua sponte."

Id. at 19.

It is now clear that Plaintiff chose to entirely disregard
the Court's instructions and Order.  Rather than file a motion
for leave to amend his complaint in the 18-298 action, Plaintiff
instead filed a new complaint under a new docket.  And despite
the Court's clear instructions regarding proper pleading
practice under Rule 8, which mirrored similar instructions the

12

Court had given to Plaintiff on numerous occasions regarding his
5 prior complaints, the complaint in the 18-13119 action totals
343 pages and more than 1,250 paragraphs — with a separately
filed table of contents that itself runs 11 pages long.

This complaint is even longer than the complaint the Court
had just dismissed as violating Rule 8, and the Court will not
spend its time parsing it to attempt to determine what
amendments Plaintiff has made.  Just as Plaintiff's 332-page
earlier complaint was clearly in violation of Rule 8's pleading
standards, so too is his even longer 343-page complaint here.
See Wilcher v. Potter, No. 08-2723, 2009 WL 235497, at *2
(D.N.J. Jan. 29, 2009) (finding that 139-paragraph complaint
"d[id] not provide a 'short and plain statement' of the claims"
as required by Rule 8).

Importantly, Plaintiff's complaint in the 18-13119 action
was not only a clear violation of Rule 8, its very filing is a
violation of the Court's July 11, 2018 Order.  (Docket 18-298 at
ECF No. 105).  As described above, the Court granted Plaintiff
permission to file a *motion for leave* to amend his complaint in
that same action, attaching a copy of his proposed amended
complaint.  Presumably aware that the Court would certainly deny
any motion for leave that attached this even longer complaint,
he instead chose to open an entirely new action.

The Court here notes that Plaintiff has again filed a letter opposing the motion to strike.  The central argument in Plaintiff's letter is that Defendants' motion is barred by Rule 12(g), which forbids parties from making another motion under Rule 12 after they had already done so prior.  However, Plaintiff's argument is again inapposite: Defendants' motion to strike is not directed at the same complaint that their previous motion was, as Plaintiff chose to file a new complaint in a new action.  Plaintiff cannot reasonably think that he can bar Defendants from raising relevant objections to his filings simply by re-filing a new complaint in a new action every time a motion is decided against him — nor can Plaintiff dodge this Court's rulings by repeatedly refiling the same claims in new actions.

Here, given an August 10 deadline to file his seventh complaint in this matter, clear instructions to plead his allegations in a manner that followed Rule 8's requirements, and an unambiguous warning that failure to do so would result in dismissal of the complaint, Plaintiff instead waited until August 17th to file a 343-page complaint in a new action.  It is clear to the Court that Plaintiff has no intention of following its instructions, or of following the rules of civil procedure. Plaintiff will not be granted any more chances, and will not be permitted leave to file any further amended complaints.

Plaintiffs complaint filed in the 18-13119 action will be stricken, and all claims that the Court previously dismissed without prejudice will be considered dismissed with prejudice. The Third Circuit has repeatedly upheld the decisions of district courts to dismiss claims with prejudice when plaintiffs repeatedly fail to follow Rule 8 despite Court instructions and multiple opportunities to correct their pleading deficiencies. In fact, it is abundantly clear that this Court has granted Plaintiff significantly more leeway than many others might have. See, e.g., Rhett v. New Jersey State Superior Court, 260 F. App'x. 513, 515-16 (2008) (upholding court's decision to dismiss claims with prejudice because plaintiff had already failed to comply with Rule 8 in his first three complaints, and "granting [] leave to file a *third* amended complaint would have been futile").

With Plaintiff's complaint in the 18-13119 action stricken, the Court must then resolve Defendants' motion to dismiss that complaint, (Docket 18-13119 at ECF No. 47), and Plaintiff's related motions for default judgment (Id. at ECF No. 54) and to renew his earlier motion for preliminary injunction. (Id. at ECF No. 60).  As the complaint that is the basis for these motions has been stricken, the Court must necessarily deny all three motions as moot.

15

**III.** **The Parties' Motions for Summary Judgment**

      The only remaining claims in this matter that have not been dismissed with prejudice are therefore Plaintiff's retaliation claims against Task Management Inc. under Title VII and the NJLAD.[2]  Presently before the Court are Task Management's motion for summary judgment on those claims, and Plaintiff's opposing cross-motion for summary judgment.  For the reasons expressed below, Defendant's motion for summary judgment will be granted, and Plaintiff's cross-motion for summary judgment will be denied.

    **A.** **Legal Standard for Summary Judgment**

      Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).  If review of cross-motions for summary judgment reveals no genuine

---

[2] Plaintiff repeatedly references the individual employees he had originally named as defendants in this action, appearing to treat his remaining claims as also being against them.  However, in its July 9 Opinion and related July 11 Order, the Court expressly dismissed his retaliation claims against the individual Defendants.  (Docket 18-298, ECF No. 103 at 74).  The only remaining defendant in this action is Task Management.

issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts.  See Iberia Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

B. **The Parties' Cross-Motions for Summary Judgment**

Before moving to the substance of the parties' motions, the Court must address the filing history of these motions, and the documents and facts it will consider in ruling on them.[3]

---

[3] Plaintiff also argues repeatedly throughout his summary judgment papers that the operative complaint in this matter is the "Amended Complaint" he filed at ECF No. 66 in the 18-298 action, and therefore all of Defendant's summary judgment papers are invalid and void because they refer to and rely on the original Complaint filed at Docket 18-298, ECF No. 1.  As explained

Defendants initiated this round of motion practice and briefing
by re-filing an earlier motion for summary judgment, to which it
had attached its statement of undisputed material facts and
supporting evidence as required by Local Rule 56.1(a).  (Docket
18-239 at ECF No. 151 and 183).  Plaintiff then filed a cross-
motion for summary judgment, which was accompanied only by a
joint brief supporting his own motion and opposing Defendant's
motion and a series of seven exhibits.  In violation of Rule
56.1(a), Plaintiff submitted neither his own statement of
material undisputed facts supporting his cross-motion, nor a
responsive statement of facts opposing Defendant's own statement
of facts.  (Id. at ECF No. 189).

Following this, Defendant made two filings: a reply brief
in support of its own motion and a separate brief opposing
Plaintiff's cross-motion, (Id. at ECF No. 190 and 192), the last
filings it was permitted to make on these motions under the
relevant rules of civil procedure and the local rules.  At this
point, Plaintiff filed a reply brief in support of his own

_____

above, the Court granted the four motions to strike that
"Amended Complaint" due to its violations of Rule 8.  That
complaint is not operative in this action.  The original
Complaint that opened this action, ECF No. 1, is the operative
complaint, and the only active claims remaining are the two
remaining retaliation claims that the Court did not dismiss in
its July 11, 2018 Order.  Plaintiffs arguments to the contrary,
and his assertion that the Court does not have the authority to
make such a determination, are incorrect.

motion for summary judgment.  (ECF No. 193).[4]  Plaintiff attached to this brief two other documents: a statement of material facts he had previously failed to file in support of his own motion, and a responsive statement of facts opposing Defendant's motion. Unsurprisingly, Plaintiff attached no evidence to either of these filings.

Plaintiff's actions here are in direct violation of Local Rule 56.1(a), which outlines the proper practices for summary judgment motions.  Rule 56.1(a) explicitly states that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed," and that "[t]he opponent of summary judgment shall furnish, *with its opposition papers*, a responsive  statement of material facts . . . stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."

---

[4] After Plaintiff filed his reply brief in further support of his cross-motion on May 25, 2020, he filed an amended version of that filing three days later on May 28, 2020.  Plaintiff did not request or receive leave to amend his filings from this Court, and he did not file this amendment until after the May 26 deadline for his reply brief had passed.  Accordingly, the Court will not consider the filings at ECF No. 195 for the purposes of this motion, and will instead consider the original versions filed at ECF No. 193.

Rather than file his Rule 56.1(a) statements when he was required to, Plaintiff instead attempted to wait until after Defendant had filed its last permitted briefing on both motions before he put forth the factual statements that he intended to rely upon — and attached his responsive fact statements opposing Defendants' motion to a reply brief on an entirely separate motion.  Plaintiff is effectively trying to circumvent the rules to grant himself an improper last say and to stop Defendant from having a chance to respond to or address his statements of fact.

The Court will not permit Plaintiff to benefit in this way from his continued violations of this district's rules.  While the Court will not simply dismiss Plaintiff's motion or deem each and every one of Defendant's facts undisputed at this stage, neither of these statements of facts will be considered in assessing the present motions, and the Court will instead takes its facts only from Defendant's statements of undisputed facts, and any evidence submitted in connection with Plaintiff's briefing or cited to therein.

The Court notes that this it is, once again, giving Plaintiff more leeway than it is required to grant him: as stated above, Rule 56.1(a) explicitly warns that any motions not accompanied by a statement of facts "shall be dismissed," and that any fact not directly disputed in a proper 56.1(a) responsive statement "shall be deemed undisputed."  However, the

Third Circuit has previously held that "permitting the non-movant to rely on its briefing and evidentiary submissions to dispute the movant's 56.1 statement is consistent" with the intent and spirit of the rules governing summary judgment practice, Boswell v. Eoon, 452 F. App'x. 107, 111-12 (3d Cir. 2011), and the Court is cognizant of the preference for adjudications on the merits rather than dismissal on procedural grounds. Given Plaintiff's repeated violations of the relevant rules, however, the Court declines to volunteer itself to parse through the voluminous number of filings Plaintiff has made in the three consolidated actions he has opened — instead, it will consider the evidence and statements of fact submitted and relied on by Defendant in its summary judgment papers, as well as any evidence Plaintiff has filed with his motion and any record evidence that Plaintiff has actually cited to in his two briefs, to the extent they dispute any of the facts from Defendant's Rule 56.1(a) statement.

With these initial findings made, the Court now turns to the parties' substantive motions. The Court will begin with Plaintiff's motion, which can be handled briefly. In support of his motion for summary judgment, Plaintiff presents only one argument: that because Defendants did not respond to his October 2018 requests for admissions within thirty days, they are deemed admitted, and accordingly the facts underlying his claims are

undisputed and he is entitled to summary judgment.
Unsurprisingly, this argument entirely ignores prior court
orders issued in this very action.

As described above, Plaintiff's requests for admission were
improperly filed and served in the original 17-7506 action after
it had been consolidated with the 18-298 action and closed.
After a series of communications between the parties, Defendant
filed a motion seeking a protective order.  (Docket 18-298 at
ECF No. 144).  Magistrate Judge Schneider granted the motion and
stayed all discovery, finding not only that Plaintiff had
knowingly and admittedly filed the discovery requests in a
closed action despite this Court's prior Order, but also that
discovery was improper at that stage because Plaintiff himself
had refused to attend or participate in a Rule 26(f) conference,
and that the requests themselves were duplicative and overly
burdensome.  Id. at 8.  As Plaintiff has made no other arguments
in support of his cross-motion for summary judgment, it will be
denied.

Defendants, alternatively, move for summary judgment on the
basis that Plaintiff cannot demonstrate a *prima facie* case.
Plaintiffs remaining claims are both for retaliation under Title
VII and the NJLAD.  "All retaliation and discrimination claims
brought under Title VII and the NJLAD . . . are controlled by
the three-step burden-shifting framework set forth in McDonnell

22

Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36

L.Ed.2d 668 (1973)." Tourtellotte v. Eli Lilly and Co., 636 F.

App'x. 831, 841-42(3d Cir. 2016) (citing Moore v. City of

Phila., 461 F.3d 331, 342 (3d Cir.2006); Viscik v. Fowler Equip.

Co., 800 A.2d 826, 833 (N.J. 2002)).

Under the McDonnell Douglas framework, a plaintiff must

first establish a *prima facie* case.  To establish a *prima facie*

case of retaliation, Plaintiff must produce evidence that: (1)

he engaged in protected activity; (2) the employer took an

adverse employment action against him; and (3) there was a

causal connection between his participation in the protected

activity and the adverse employment action.  Id. at 852; see

also Nuness v. Simon & Schuster, Inc, 221 F. Supp. 3d 596, 605

(D.N.J. 2016).  Here, there is no argument that Plaintiff

suffered an adverse employment action, and Defendant appears to

concede that Plaintiff engaged in protected activity when he

sued prior employers for discrimination covered by Title VII and

the NJLAD.  Instead, Defendant argues that Plaintiff has put

forth no evidence to demonstrate any causal connection between

his litigation against previous employers and the termination of

his services.

The Court finds that Defendant is correct.  Defendant

supports its motion with declarations stating that Plaintiff was

not terminated due to his prior lawsuits, and that nobody at

Task Management was aware of those lawsuits until after he had been terminated, when they researched him in response to his repeated, harassing emails and phone calls.  The section of Plaintiff's joint brief that opposed Defendant's motion, however, makes no attempt to dispute these facts.  Instead, it is entirely dedicated to the argument that the declarations and evidence relied upon by Defendant in its motion for summary judgment violate Federal Rule of Civil Procedure 26(a)(1), which requires the parties to make certain initial disclosures regarding individuals who are likely to have discoverable information relevant to the action, and therefore should not be considered by the Court in its analysis of their motion.

This argument, again, ignores the history of this litigation and Plaintiff's own prior choices: as Judge Schneider explained in granting Defendant's motion for a protective order, Plaintiff himself repeatedly refused to participate in any Rule 26(f) conference.  Id. at 7-8.  As Rule 26(a)(1)(C) calculates the deadlines for providing initial disclosures based on the date of the parties' Rule 26(f) conference, no such deadline could have yet passed.  Plaintiffs' own refusal to participate in this aspect of the discovery process cannot serve as a basis for excluding Defendant's evidence – particularly where Plaintiff himself has filed a motion for summary judgment,

signaling that he does not view further discovery as necessary
in this action.

Plaintiff's brief in opposition to summary judgment makes
no other arguments.  At no point does it dispute Defendant's
argument that he has not demonstrated the existence of a *prima
facie* case of retaliation.  Similarly, the evidence he has
submitted in connection with his brief is entirely unrelated to
this issue, and nowhere in his opposition brief does he refer
the Court to any evidence that would contradict Defendant's
evidence, claims, or statements of fact.  Simply put, Defendant
chose not to respond to or even acknowledge any of Defendant's
arguments, nor to attach any relevant evidence to his opposition
brief.  Accordingly, Plaintiff has not demonstrated the
existence of any genuine disputes of material fact regarding the
casual connection between his termination and his previous
lawsuits.  For this reason, Defendant's motion for summary
judgment will be granted.

## IV.  **<u>Plaintiff's Motion for Sanctions</u>**

Plaintiff has also filed a motion for sanctions in the 18-
239 action.  (ECF No. 191).  Plaintiff's argument in favor of
sanctions is essentially identical to those raised above in his
brief opposing Defendant's motion for summary judgment: that
Defendant violated Rule 26(a)(1) because it did not provide
initial discovery disclosures.  As sanction for these alleged

violations, Plaintiff demands a series of orders from this Court, most prominently requesting that the Court enter final judgment against Defendant on all claims.

The Court has already addressed Plaintiff's argument above in its analysis of the parties' respective motions for summary judgment.  Plaintiff himself repeatedly refused to take part in a Rule 26(f) conference; accordingly, no deadline was ever set for Defendant to provide initial disclosures.  The lack of disclosures exchanged under Rule 26 in this action is entirely the fault of Plaintiff, and his motion for sanctions will be denied.

**V.    Defendant's Requests for Attorney's Fees**

Finally, the Court recognizes that multiple Defendants have requested that the Court grant them attorneys' fees for their efforts in defending this litigation.  However, no formal motions to sanction Plaintiff have been filed, and the Court, in its discretion, will decline to order Plaintiff to pay attorneys' fees.  The Court does not, in any way, mean to condone the behavior of Plaintiff in this litigation.  He has repeatedly ignored Court Orders, extended this litigation needlessly, and his filings and communications with the parties and the Court have often been inappropriate.

However, "any sanctions and the prospect for further proceedings related to those sanctions will only serve to

perpetuate a forum" for Plaintiff to continue his behavior and to extend this action even further. Dinnerstein v. Burlington County College, No. 1:13-cv-5598 (NLH/KMW), 2017 WL 5593776, at *8 (D.N.J. Nov. 21, 2017). The Court finds that the proper remedy at this stage is to finally end this litigation. As the Court has already determined that Task Management's motion for summary judgment is to be granted, and ruled above that the remainder of Plaintiff's claims are now fully dismissed with prejudice, that end has finally come. However, the Court does warn Plaintiff that if he continues to disregard Court orders and the rules of civil procedure, and further extends this litigation through frivolous and unmeritorious filings, the Court will be forced to reconsider its decision not to impose sanctions.

## Conclusion

Through its analysis above, the Court has now addressed each of the remaining motions pending in both the 18-298 and 18-13119 actions. Defendants' motion to consolidate the actions, (Docket 18-298 at ECF No. 184), will be granted, and the actions will be consolidated under Docket 18-298. Defendants' motions to strike the complaint in the 18-13119 action (Docket 18-298 at ECF No. 185; Docket 18-13119 at ECF No. 51) will also be granted, and Plaintiffs' claims that were previously dismissed without prejudice will be considered dismissed with prejudice.

Accordingly, the motion to dismiss that complaint, (Docket 18-13119 at ECF No. 47), as well as the motion for default judgment (Docket 18-13119 at ECF No. 54), and motion for a preliminary injunction (Docket 18-13119 at ECF No. 60) also filed in the 18-13119 action, will be denied as moot.  Finally, Defendant Task Management's motion for summary judgment in the 18-298 action (ECF No. 183) will be granted, and Plaintiff's cross-motion for summary judgment (ECF No. 189) and his motion for sanctions (ECF No. 191) will be denied.

An appropriate Order will be entered.


Date:  October 20, 2020                    /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.