UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAMPBELL SOUP COMPANY, et al.,<br><br>　　　　Defendants. | No. 1:18-cv-00298-NLH-SAK<br><br>**OPINION AND ORDER** |

**HILLMAN**, **District Judge**

　　WHEREAS, on November 9, 2022, the Court filed an Opinion and Order to Show Cause denying Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") Motion to Vacate an October 2020 Opinion and Order, (ECF 217); and

　　WHEREAS, in the same Opinion and Order to Show Cause, the Court recognized Plaintiff's voluminous filings under multiple dockets stemming from the termination of his tenure providing professional services to Defendant Campbell Soup Company and related purported frauds on the court, continued failure to abide by Court Orders and procedural rules, and repeated attempts to lengthen litigation without merit, (id.); and

　　WHEREAS, the Court therefore entered an Order to Show Cause providing Plaintiff fifteen days to demonstrate why the Court "should not prohibit him from making any future filings or

instituting any future actions with respect to the same or similar parties or the same or similar matters as those addressed under Docket Nos. 1:17-cv-07506, 1:18-cv-00298, 1:18-cv-13119, and 1:22-cv-03285 without express written permission of the Court," (id. at 9); and

WHEREAS, the Court further advised that if Plaintiff failed to show cause, the Court would enter such an Order, (id.); and

WHEREAS, on November 23, 2022, Plaintiff moved for a ninety-day extension to respond to the Court's Order to Show Cause, (ECF 218); and

WHEREAS, the Court responded in a Text Order on November 28, 2022, providing Plaintiff with fourteen days from the date of the Order to file a response, (ECF 219); and

WHEREAS, Plaintiff has since moved to disqualify the undersigned pursuant to 28 U.S.C. § 455, (ECF 220), based – at least in part – on the Court's October 2020 Opinion finding that Plaintiff failed to participate in a Rule 26(f) conference, (ECF 220-1 at 12); and

WHEREAS, Plaintiff has not made any other filings under this docket[1] since the Court's November 28, 2022 Text Order; and

---

[1] On November 8, 2022, the Court issued an Opinion and Order under Docket No. 1:22-cv-03285 granting Defendants' Motions to Dismiss in a related matter involving Plaintiff and dismissing Plaintiff's Amended Complaint with prejudice. (1:22-cv-03285, ECF 78). Plaintiff has since moved for re-argument, clarification, or reconsideration, (1:22-cv-03285, ECF 79), and

2

WHEREAS, the All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), and "[u]nder the All Writs Act, district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation," Parker v. Adm'r N.J. State Prison, 795 Fed. Appx. 862, 862 (3d Cir. 2020) (per curiam) (first citation omitted) (citing Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989)); and

WHEREAS, district courts (1) may only enter such injunctions in "exigent circumstances" such as when a litigant continues to file meritless or repetitive actions, (2) must give notice to the litigant to show cause why an injunction should not be issued, and (3) must tailor the scope of any injunction to fit the circumstances of the case at hand, Gupta v. Wipro Ltd., 765 Fed. Appx. 648, 651 (3d Cir. 2019) (per curiam); and

WHEREAS, Plaintiff received notice that failure to timely show cause would result in the issuance of a filing injunction,

---

filed a nearly identical Motion to Disqualify the undersigned, (1:22-cv-03285, ECF 85).  The Court will address the Motion for Re-Argument, Clarification, or Reconsideration and matching Motions to Disqualify in a forthcoming Opinion under Docket No. 1:22-cv-03285.

(ECF 217 at 9), and the Court interprets Plaintiff's failure to show cause despite being provided additional time to do so as support for a finding that such cause does not exist, see Tillio v. Mendelsohn, 256 Fed. Appx. 509, 509 (3d Cir. 2007) (per curiam) (holding that the district court did not abuse its discretion in dismissing a matter for failure to prosecute when the pro se plaintiff failed to respond to an order to show cause and there was "no indication that he failed to receive the show cause order or that he did not understand it"); and

WHEREAS, the Court finds that Plaintiff clearly received and understood the Order to Show Cause as evidenced by his Motion for Extension of Time, (ECF 218); and

WHEREAS, a court may properly issue a filing injunction when the party has had an opportunity to show cause why it should not be issued, Gupta, 765 Fed. Appx. at 652 (finding that the plaintiff was on notice of the possibility of a filing injunction and had an opportunity to show cause why it should not have been imposed as demonstrated by his opposition to the motion for the filing injunction).

THEREFORE,

IT IS HEREBY on this   13th   day of   December  , 2022

ORDERED that Plaintiff is prohibited from making any future filings or instituting any future actions with respect to the same or similar parties or the same or similar matters as those

4

addressed under Docket Nos. 1:17-cv-07506, 1:18-cv-00298, 1:18-cv-13119, and 1:22-cv-03285 without express written permission of the Court.  The Clerk shall not docket any future complaints, motions, letters, or other papers filed by Plaintiff without prescreening for compliance with this Order and express permission from the Court.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |