## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEM-OUAFFO d/b/a KAMDEM GROUP, | No. 1:22-cv-03285-NLH-SAK |
| Plaintiff, | **OPINION** |
| v. | |
| AMBER M. SPATARO, et al., | |
| Defendants. | |

| | |
|---|---|
| RICKY KAMDEM-OUAFFO | No. 1:18-cv-00298-NLH-SAK |
| Plaintiff, | |
| v. | |
| CAMPBELL SOUP COMPANY, et al., | |
| Defendants. | |

**<u>HILLMAN</u>, District Judge**

Pending before the Court are Plaintiff Ricky Kamdem-Ouaffo's ("Plaintiff") Motion for Re-argument, Clarification, or Reconsideration, (1:22-cv-03285, ECF 79), and Motions to Disqualify, (1:22-cv-03285, ECF 85; 1:18-cv-00298, ECF 220). For the reasons expressed below, Plaintiff's motions will be denied.

## I.  Background

This matter has a long and winding history aided by

Plaintiff's filing of multiple actions regarding the same general events.  A full recitation is unnecessary here. Sufficient for present purposes, Plaintiff filed an action under Docket No. 1:17-cv-07506 alleging, among other claims, violations of the New Jersey Law Against Discrimination ("LAD") and the New Jersey Conscientious Employee Protection Act ("CEPA").  (1:17-cv-07506, ECF 13).  The basic allegations supporting the complaint were the termination of Plaintiff's brief professional-services relationship with Campbell Soup Company ("Campbell's") reportedly caused by financial hardships, (id. at ¶¶ 12, 42), but which Plaintiff alleged was due to discovery of his prior lawsuits against employers, (id. at ¶¶ 17, 22, 32).  Plaintiff claimed that he was also defamed in the process.  (Id. at ¶¶ 24-28, 35-38, 46-49).

Plaintiff filed additional actions under Docket Nos. 1:18-cv-00298 and 1:18-cv-13119 alleging CEPA, LAD, and other claims also based on the termination of his tenure with Campbell's. (1:18-cv-00298, ECF 66; 1:18-cv-13119, ECF 1).  The three dockets were ultimately consolidated under Docket No. 1:18-cv-00298.  (1:18-cv-00298, ECF 104; ECF 201).

Plaintiff participated in an initial conference associated with Docket No. 1:17-cv-07506 on January 17, 2018, (1:17-cv-07506, ECF 66), and on July 26, 2018 filed an appeal challenging the Court's denial of his motion for a preliminary injunction,

consolidation of actions, and other orders, (1:17-cv-07506, ECF 85). On September 26, 2018, Plaintiff – in a brief in support of a motion to strike – indicated that he would "not conduct any discovery credited as toward separate case # 18-cv-00298" and that he would "not appear in person for any hearing in separate case # 1:18-cv-00298" pending his appeal. (1:18-cv-00298, ECF 127-1 at 7). Then Magistrate Judge Joel Schneider thereafter cancelled an initial scheduling conference calendared under Docket No. 1:18-cv-00298. (1:18-cv-00298, ECF 130).

Defendant Task Management Inc. ("Task") filed a renewed motion for summary judgment, (1:18-cv-00298, ECF 183), on April 8, 2020 and later submitted a reply brief and supplemental statement of material and undisputed facts asserting that "Plaintiff refused to participate in a Rule 26(f) conference or create a joint discovery plan. The Initial Scheduling Conference in this case was cancelled because Plaintiff refused to participate," (1:18-cv-00298, ECF 190; ECF 190-1 at ¶ 18).

In the Court's October 20, 2020 opinion and order granting Task's motion for summary judgment and dismissing with prejudice claims previously dismissed without prejudice, (1:18-cv-00298, ECF 200; ECF 201), the Court – citing Judge Schneider's cancelation of the initial scheduling conference at Plaintiff's request – found that Plaintiff had failed to participate in a Rule 26(f) conference, (1:18-cv-00298, ECF 200 at 7, 24, 26).

Plaintiff appealed, (1:18-cv-00298, ECF 202), and the Third
Circuit affirmed the Court's grant of summary judgment and
agreed "that the lack of disclosure under Rule 26 was due to
[Plaintiff's] refusal to participate in the conference," Kamdem-
Ouaffo v. Campbell Soup Co., Nos. 20-3172 & 20-3173, 2021 WL
5600508, at *2-3 (3d Cir. Nov. 30, 2021) (per curiam).

Plaintiff moved to vacate the summary judgment opinion and
order on April 20, 2022, (1:18-cv-00298, ECF 206), and filed a
separate action under Docket No. 1:22-cv-03285 alleging
violations of the New Jersey Rules of Professional Conduct and
fraud against the courts allegedly perpetrated by Defendants and
opposing counsel in his previous cases, (1:22-cv-03285, ECF 1;
ECF 16).  The Court granted Defendants' motions to dismiss the
2022 action, (1:22-cv-03285, ECF 78), and denied Plaintiff's
motion to vacate the 2018 matter, (1:18-cv-00298, ECF 217).[1]

---

[1] The Court's November 9, 2022 opinion and order denying
Plaintiff's motion to vacate also provided Plaintiff fifteen
days to show cause why a filing injunction should not be entered
against him, citing Plaintiff's voluminous filings over multiple
dockets, failure to abide by orders and procedural rules, and
attempts to re-litigate decided matters.  (1:18-cv-00298, ECF
217).  On November 23, 2022, Plaintiff sought a ninety-day
extension to respond, (1:18-cv-00298, ECF 218-1 at 5), to which
the Court provided fourteen days, (1:18-cv-00298, ECF 219).
Plaintiff filed one of the pending Motions to Disqualify under
that docket on December 8, 2022, (1:18-cv-00298, ECF 220), but
did not otherwise respond to the order to show cause in the time
allotted.  On December 13, 2022, the Court entered an order
"prohibit[ing Plaintiff] from making any future filings or
instituting any future actions with respect to the same or
similar parties or the same or similar matters as those

4

Plaintiff filed the pending Motion for Re-argument, Clarification, or Reconsideration on November 15, 2022, (1:22-cv-03285, ECF 79), and later amended his supporting brief, (1:22-cv-03285, ECF 80).  On December 8, 2022, Plaintiff filed matching Motions to Disqualify under both active dockets. (1:18-cv-00298, ECF 220; 1:22-cv-03285, ECF 85).

## II. Plaintiff's Motion for Reconsideration

The Court will interpret Plaintiff's Motion for Re-argument, Clarification, or Reconsideration as a motion for reconsideration.  Within this District, motions for reconsideration are governed by Local Civil Rule 7.1(i).  Solid Rock Baptist Church v. Murphy, 555 F. Supp. 3d 53, 59 (D.N.J. Aug. 16, 2021).[2]  The Rule provides that motions for reconsideration are to be served and filed within fourteen days of the order or judgment in question and accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked."

---

addressed under Docket Nos. 1:17-cv-07506, 1:18-cv-00298, 1:18-cv-13119, and 1:22-cv-03285 without express written permission of the Court."  (1:18-cv-00298, ECF 221 at 4-5).

[2] Motions for reconsideration are not expressly referenced in the Federal Rules of Civil Procedure and are generally interpreted as motions to alter or amend judgments pursuant to Rule 59(e) or motions for relief from judgments or orders pursuant to Rule 60(b).  See Rich v. State, 294 F. Supp. 3d 266, 277 (D.N.J. Feb. 6, 2018) (citing United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. Dec. 2, 1999)).

L. Civ. R. 7.1(i).  Motions for reconsideration are to be granted only upon a showing that (1) there has been an intervening change in controlling law, (2) new evidence has become available that was unavailable when the Court entered the order, or (3) reconsideration "is necessary to correct a clear error of law or fact to prevent manifest injustice."  Solid Rock Baptist Church, 555 F. Supp. 3d at 59-60 (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

"[A] motion for reconsideration is an 'extremely limited procedural vehicle,'"  Champion Lab'ys, Inc. v. Metex Corp., 677 F. Supp. 2d 748, 750 (D.N.J. Jan. 4, 2010) (quoting Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. Sept. 1, 1992)), and is only to be granted when the court's prior decision overlooked a fact or legal issue that may impact how the matter is resolved, Andreyko v. Sunrise Senior Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. Jan. 24, 2014). Mere disagreement with a court's decision will not suffice and the proffered piece of law or fact must be dispositive to the matter.  See Rich, 294 F. Supp. 3d at 272-73.  To prevail under the "clear error" standard, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'"  Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 77-78 (D.N.J. Nov. 28, 2012) (quoting P. Schoenfeld Asset Mgmt.

6

LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. Aug. 24, 2001)).

Here, Plaintiff appears to continue to dispute entry of summary judgment against him under Docket No. 1:18-cv-00298 and the conclusion that he failed to participate in conferences. (1:22-cv-03285, ECF 80 at 3-4).  Plaintiff alleges that he was unable to respond to a statement of material and undisputed facts filed in the 1:18-cv-00298 matter and that he was placed under the impression by an order entered by Judge Schneider that discovery would be stayed and he was not given notice to respond to the statement of material and undisputed facts.  (Id. at 4-5).  The filing of a statement of material and undisputed facts "as last paper . . . was a deliberate scheme of fraud by malice" that the undersigned participated in, according to Plaintiff, and the opinion and order under Docket No. 1:18-cv-00298 must be considered void as it violated Plaintiff's Due Process rights.  (Id. at 5-6)

Finally moving on to the matter docketed under No. 1:22-cv-03285, Plaintiff contends that the Court's November 8, 2022 opinion and order must be vacated as void under Federal Rule of Civil Procedure 60(d)(1) because the filing of a statement of material and undisputed facts without an opportunity for Plaintiff to respond violated Plaintiff's Equal Protection rights.  (Id. at 7-9).

7

The Court first notes that, though Plaintiff has filed his motion under Docket No. 1:22-cv-03285, the relief sought refers back to the Court's opinion and order filed on October 20, 2020 under Docket No. 1:18-cv-00298.  The Court's two-year-old decision was affirmed by the Third Circuit, see Kamdem-Ouaffo, 2021 WL 5600508, at *3, and though timely for the purposes of the opinion and order filed under Docket No. 1:22-cv-03285, Plaintiff's motion falls well outside the fourteen-day window provided by Local Civil Rule 7.1(i) for the matter it actually seeks to challenge.

Furthermore, the Court holds that Plaintiff's arguments are untethered to the law and facts applicable to his cases. Contrary to Plaintiff's position, which focuses on Local Civil Rule 7.1(h) pertaining to cross-motions, our Local Civil Rules provide an opponent of a summary judgment motion with an opportunity to dispute the movant's statement of material facts. See L. Civ. R. 56.1(a).  An opponent is to provide, with their opposition papers, a responsive statement of material facts indicating agreement or disagreement with each paragraph of the movant's statement and may even submit their own supplemental statement.  See id.; see also V.C. by Costello v. Target Corp., 454 F. Supp. 3d 415, 419 n.3 (D.N.J. Apr. 14, 2020) (analyzing Local Civil Rule 56.1).

The Court interprets Plaintiff's Motion for Reconsideration

as referring to the statement of material and undisputed facts
filed with Task's original motion for summary judgment on
January 10, 2019 and then supplemented on May 11, 2020 after the
motion was renewed.  (1:18-cv-00298, ECF 151-2; ECF 190-1).
This is because the supplement makes the assertion that
Plaintiff failed to participate in a Rule 26(f) conference,
(1:18-cv-00298, ECF 190-1 at ¶ 18), which Plaintiff continues to
dispute.  The record shows that Plaintiff responded to these
statements, (1:18-cv-00298, ECF 193-1), offered his own (1:18-
cv-00298, ECF 193-2), and amended both (1:18-cv-00298, ECF 195-
1; ECF 195-2).  Therefore, not only did Plaintiff have the
opportunity to challenge Task's statement of material and
undisputed facts and supplement, but he in fact did so.[3]

Nowhere in Plaintiff's Motion for Reconsideration or
amended supporting brief does he provide an intervening change
in law or new evidence.  While the Court may interpret Plaintiff
as claiming that reconsideration is necessary to correct a clear
error of fact, the record reflects facts contrary to Plaintiff's
position and, while Plaintiff may disagree with the Court's two-
year-old decision and the Third Circuit's subsequent affirmance,
a party's mere disagreement with a decision does not support

---

[3] For reasons expressed _infra_, the Court further finds that
Plaintiff mischaracterizes Judge Schneider's February 1, 2019
order.  (1:18-cv-00298, ECF 158).

reconsideration.  See Rich, 294 F. Supp. 3d at 273.

Evaluation under Rule 60, as cited in Plaintiff's briefing, does not produce a different result.  Relief from a final judgment or order may be provided when the judgment is void, Fed. R. Civ. P. 60(b)(4), or when there has been a fraud on the court, Fed. R. Civ. P. 60(d)(3).  A judgment is void when it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard," Johnson v. Rardin, 700 Fed. Appx. 170, 172 (3d Cir. 2017) (quoting U.S. Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010)).

Here, the Court finds that Plaintiff has been heard.  Fraud against a court requires (1) an intentional fraud, (2) by an officer of the court, (3) directed toward to court, (4) that results in actual deception, Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005), and "must be supported by clear, unequivocal and convincing evidence," id. at 387 (quoting In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)).  Notably, alleged inaccuracies in statements of material facts are not themselves sufficient to demonstrate a fraud on a court.  See Wei v. Pennsylvania, No. 21-2059, 2021 WL 4544139, at *2 (3d Cir. Oct. 5, 2021).

Therefore, the Court holds that Plaintiff has failed to meet his burden under Local Civil Rule 7.1(i) and will deny his

Motion for Reconsideration.

## III. Motions to Disqualify

Judges are to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Specific circumstances warranting recusal include instances in which the judge has a personal bias or prejudice toward a party, in some way participated in the matter in controversy, or when they, a spouse, or a minor child in their household holds a financial interest in the matter in controversy.  See 28 U.S.C. §§ 455(b)(1)-(4).  Judges have considerable discretion in disqualifying themselves and the standard is objective: whether "a reasonable person knowing all the circumstances would question the judge's impartiality."  Sessoms v. Trs. of Univ. of Pa., 739 Fed. Appx. 84, 90 (3d Cir. 2018) (citing Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004)).  The appearance of potential bias, not actual bias, is the focus of judicial disqualification.  See In re Apollo, 535 Fed. Appx. 169, 174 (3d Cir. 2013).

As with Plaintiff's Motion for Reconsideration, the twin Motions to Disqualify seek to rehash years-old decisions pertaining to Plaintiff's participation or failure to participate in conferences under Docket No. 1:18-cv-00298.  In particular, Plaintiff latches on to Task's statement in an

opposition to Plaintiff's renewed motion for sanctions that
"Plaintiff should be wary of attacking the propriety of the
actions of opposing counsel, when he has not adhered to the very
rules he complains have been violated," citing Judge Schneider's
text order cancelling a conference at Plaintiff's request.
(1:18-cv-00298, ECF 196 at 11; ECF 220-1; 1:22-cv-03285, ECF 85-
1).  Plaintiff also alleges that Judge Schneider used
Plaintiff's same reasoning to exempt Task from discovery,
indicating that Plaintiff's reason for not participating was
"legally cognizable and sound."  (1:18-cv-00298, ECF 220-1 at 8-
10; 1:22-cv-03285, ECF 85-1 at 8-10).

     To begin, the Court has reviewed the relevant order by
Judge Schneider and concludes that Plaintiff misrepresents its
reasoning.  Rather than adopting or approving of Plaintiff's
arguments, Judge Schneider concluded that a protective order
precluding Plaintiff from filing discovery requests was
warranted "due to [Plaintiff's] repeated refusal to participate
in a Rule 26(f) conference or to otherwise meet and confer,"
Plaintiff's continued filing of requests under a closed docket,
and the general duplicative and cumulative nature of his
discovery requests.  (1:18-cv-00298, ECF 158 at 7-8).

     Next, the Court notes that, though 28 U.S.C. § 455 does not
articulate a timeliness requirement, the timeliness of a
disqualification motion is a factor to be considered.  See In re

Kensington Int'l Ltd., 368 F.3d 289, 312 (3d Cir. 2004).  To the
extent that Plaintiff contends that the undersigned should have
recused himself, Plaintiff's arguments center on events that
took place more than two years ago.  See Stone Hedge Props. v.
Phoenix Cap. Corp., 371 Fed. Appx. 138, 141 (3d Cir. 2003)
(affirming denial of a motion for vacatur for failure to recuse
when copies of the relevant financial disclosures were received
nearly three years before the vacatur motion).

Though not dispositive of Plaintiff's Motions to
Disqualify, the Court finds that this significant delay supports
its overall conclusion that Plaintiff's motions are being used
as a vehicle to relitigate long-settled matters and simply
attack the decisionmaker for decisions he disagrees with.
Plaintiff's disagreements entitle him to an appeal, which he
took, but they are not a basis for disqualification or recusal.

On the merits, Plaintiff attempts to use Task's "wary of
attacking the propriety of the actions of opposing counsel" as a
means of evidencing some sort of conspiracy between the Court
and Task's counsel.  (1:18-cv-00298, ECF 220-1 at 11-12; 1:22-
cv-03285, ECF 85-1 at 11-12).  Subsequent rulings against
Plaintiff have been interpreted as the Court following Task's
counsel's "command[s]" and "improperly granting favors."  (Id.)
Plaintiff's arguments seem to equate adverse rulings with bias,
but "judicial rulings alone almost never constitute a valid

basis for a bias or partiality motion." In re James, 826 Fed. Appx. 254, 256 (3d Cir. 2020) (per curiam) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).  More to the point, the undersigned does not harbor any biases or prejudices toward Plaintiff or the merits of his claims, has not participated in this case outside his role as a judge, and has no financial interest in this matter.  See 28 U.S.C. § 455(b).

To the contrary, the Court has endeavored to provide Plaintiff, proceeding pro se, with benefits of the doubt – offering leniency for failure to comply with orders and procedural rules and interpreting unsupported or inaccurate legal arguments in the manner believed to be intended.  That practice has continued through the pending motions.  Plaintiff has failed to demonstrate a legitimate reason necessitating disqualification, and because the Court itself finds none, Plaintiff's Motions for Disqualification will be denied.

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Re-argument, Clarification, or Reconsideration, (1:22-cv-03285, ECF 79), and Motions to Disqualify, (1:22-cv-03285, ECF 85; 1:18-cv-00298, ECF 220), will be denied.  An Order consistent with this Opinion will be entered.

Date:  December 27, 2022           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

14